[No. B056022. Second Dist., Div. Three. Dec. 9, 1991.]

CLARK WALLACE, as Real Estate Commissioner, etc., Plaintiff and Respondent, v.
LAURA ONATE, Defendant and Appellant.

## COUNSEL

Louis A. Stearns, Sr., for Defendant and Appellant.

Daniel E. Lungren, Attorney General, Edmond B. Mamer and Raymond B. Jue, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

KLEIN, P. J.—Defendant and appellant Laura Onate (Onate) appeals a judgment in favor of plaintiff and respondent Real Estate Commissioner of the State of California (the Commissioner).[1]

The essential issue presented is whether Onate, a real estate licensee, is an aggrieved person so as to be entitled to payment from the Recovery Account.

Because Onate is not within the class protected by the Recovery Account, the judgment is affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND

In November 1986, Onate obtained four offers and deposits from four clients for the purchase of "bargain" real properties offered for sale by Donald Joseph Smith (Smith), also a real estate licensee. Onate submitted the offers and deposits totalling $14,000 to Smith, who converted the money for his own use.

Afraid she might be sued, Onate paid her clients in full for their losses, obtained assignments from them, filed an action in the municipal court and obtained a default judgment against Smith. She thereafter filed an application for payment against the Recovery Account.

In September 1988, the Commissioner filed a complaint in the superior court for adjudication and proration of claims for payment from the Recovery Account after determining the numerous claims against the Recovery Account involving Smith's real estate license might exceed the $100,000 maximum liability for any one licensee. (§ 10474.)

---

[1]The Commissioner is authorized to defend the Real Estate Fund Recovery Account (the Recovery Account) against an application by a claimant for an order directing payment out of the Recovery Account. (Bus. & Prof. Code, §§ 10472, 10473.)

Unless otherwise indicated, all subsequent statutory references are to the Business and Professions Code.

The Commissioner then responded to Onate's application, asserting she was not an aggrieved person within the meaning of section 10471, subdivision (a).[2]

The matter came to trial on October 31, 1990. The parties filed trial briefs and presented oral argument.

The evidence showed: Onate did not put her clients' deposit checks into her trust account. Onate did not inform her clients their checks were going to be held by another person until the acceptance of the offer. Onate turned her clients' deposit checks over to Smith without making any investigation or determination of Smith's honesty or trustworthiness. After learning Smith had converted her clients' funds, Onate was advised by her counsel that she would be held liable in a lawsuit by her clients for loss of their deposits. Onate therefore proceeded to make full restitution to her clients in the sum of $14,000. She then sued Smith in municipal court and was awarded $25,000, including $11,000 in punitive damages on account of Smith's fraud.

The trial court determined Onate "is not an aggrieved person within the meaning of Section 10471(a). Ms. Onate was not a client of Smith, a buyer-consumer, or an innocent member of the public victimized by licensee Smith. Smith defrauded [Onate's] four clients, not [Onate], of their investment."

Onate timely appealed from the judgment denying her claim against the Recovery Account on account of Smith's real estate license.

## CONTENTIONS

Onate contends: (1) she is an aggrieved person within the meaning of section 10471 et seq.; (2) under the California law of subrogation, Onate succeeded to the claims of her clients upon reimbursing them for their losses; (3) nothing in the Business and Professions Code relating to recovery from the Recovery Account repeals the California law of subrogation; (4) Onate was not acting as a volunteer when she reimbursed her clients for their

---

[2]Section 10471, subdivision (a), states: "When an *aggrieved person* obtains a final judgment in a court of competent jurisdiction . . . against a defendant based upon the defendant's fraud, misrepresentation, or deceit, made with intent to defraud, or conversion of trust funds arising directly out of any transaction . . . in which the defendant, while licensed under this part, performed acts for which that license was required, the *aggrieved person* may, upon the judgment becoming final, file an application with the Department of Real Estate for payment from the Recovery Account, within the limitations specified in Section 10474, of the amount unpaid on the judgment which represents an actual and direct loss to the claimant in the transaction." (Italics added.)

losses on account of Smith's fraud; (5) the fact Onate took an assignment of her client's claims against Smith has no effect on her subrogation rights against Smith and the Recovery Account; (6) a claim of fraud against the Recovery Account is assignable by a holder to a third party; and (7) to permit Onate to recover from the Recovery Account would be consistent with, and would directly promote, the legislative purpose which gave rise to the Recovery Account.

DISCUSSION

1. *Real estate licensees acting in their capacity as licensees are outside the class of aggrieved persons entitled to compensation from the Recovery Account.*

In *Middelsteadt* v. *Karpe* (1975) 52 Cal.App.3d 297 [124 Cal.Rptr. 840], Middelsteadt, a licensed real estate broker, engaged the services of Lowell, a licensed real estate salesperson, and they agreed to a 50-50 division of commissions earned by Lowell. While in Middelsteadt's employ, Lowell consummated a transaction and received commissions in her own name, without Middelsteadt's knowledge. Middelsteadt obtained a default judgment against Lowell and then filed an application for payment out of the recovery fund. (*Id.*, at pp. 298-300.) The trial court concluded an aggrieved person under section 10471 includes a real estate broker who has been defrauded by his or her real estate agent. (*Middelsteadt, supra,* 52 Cal.App.3d at p. 300.)

The reviewing court reversed. In construing " 'aggrieved person,' " it looked to the general purpose of the real estate law, which is to "raise the standards of the real estate profession by requiring its members to deal fairly and ethically *with their clients.* [Citations.] Or to put it another way, the protected class under the act is not the real estate licensees but the clients [citations]." (*Middelsteadt, supra,* 52 Cal.App.3d at p. 302.)

*Middelsteadt* observed the case grew out of an internal dispute between a broker and salesperson over the division of commissions earned by the salesperson and did not involve fraud or deceit worked upon the clients. (*Middelsteadt, supra,* 52 Cal.App.3d at p. 302.) ■ "It follows, therefore, that in light of the stated policy underlying the real estate act, the broad provision of section 10471 must be read to the effect that the aggrieved person who is entitled to compensation from the Recovery Fund must be a client or a member of the general public. Conversely, the Recovery Fund, which provides a limited amount for the protection of the public, may not be resorted to by the real estate licensees themselves who are in a better position to guard against the deceitful and fraudulent acts of their colleagues and who therefore fall outside the class protected by the statute." (*Ibid.*)

There is an exception to this general rule. A defrauded licensee who acts as a principal in a transaction and whose conduct does not require a real estate license is not precluded from recovering from the fund by virtue of his or her status as a licensee. (*Buccella* v. *Mayo* (1980) 102 Cal.App.3d 315, 327 [162 Cal.Rptr. 369].)

Here, Onate was not acting as a principal with respect to her own property. She was a licensee acting in the capacity of a licensee when she was defrauded by Smith. Acting in that capacity, Onate was in a position to guard against her colleague's deceitful and fraudulent acts. The purpose of the statutory scheme is to protect the public against fraud in real estate transactions, not to protect licensees from their peers. Accordingly, the trial court properly concluded Onate is not an aggrieved person within the meaning of section 10471.

### 2. *Onate's remaining arguments unpersuasive.*

Onate submits she succeeded to the claims of her clients when she reimbursed them for their losses. She relies on her subrogee status to bring herself within the class entitled to receive a distribution from the Recovery Account. The arguments lacks merit.

The "purpose of section 10471 is to compensate *innocent members of the public* who are victimized by dishonest licensees. [Citations.]" (*Merrifield* v. *Edmonds* (1983) 146 Cal.App.3d 336, 344 [194 Cal.Rptr. 104], italics added; accord *Edmonds* v. *Augustyn* (1987) 193 Cal.App.3d 1056, 1063 [238 Cal.Rptr. 704].)

Onate is not an innocent member of the public. She acted as a licensee in delivering her clients' deposit checks to Smith without their consent rather than depositing the funds into her trust account. After obtaining legal advice regarding her liability, she reimbursed her clients for their losses to avoid being sued. Having discharged her own liability, Onate seeks to be indemnified by the Recovery Account. To accept Onate's theory would result in the absurdity of making the Recovery Account the insurer of negligent licensees. Onate's recovery, if any, is against Smith.

Onate cannot proceed against the Recovery Account for the additional reason that both she and Smith were liable to her clients. An application for payment from the Recovery account requires, inter alia, a statement by the claimant "[t]hat he or she has diligently pursued collection efforts against other judgment debtors and *all other persons liable to the claimant* in the transaction that is the basis for the underlying judgment." (§ 10471, subd.

(c)(7)(E), italics added.) Thus, Onate's clients were required to pursue their claims against Onate and Smith, in addition to the Recovery Account, which serves as a fund of last resort to protect the consumer. The Recovery Account exists to benefit the consumer, not the persons liable to the consumer. Accordingly, Onate cannot resort to her status as a subrogee or assignee to be made whole by the Recovery Account.

DISPOSITION

The judgment is affirmed. Onate to bear costs on appeal.

Danielson, J., and Croskey, J., concurred.